6809

NETHERLAND v. CHARLESTON & WESTERN CAROLINA RY.

PENALTY—FREIGHT.—A CARRIER is liable for penalty for failure to adjust claim for damages to freight when the damages proved are more than claim is filed for, but that amount only is claimed in suit.

Before WATTS, J., Greenwood, July, 1907. Reversed.

Action by E. W. Netherland against Charleston and Western Carolina Railway. From order reversing judgment of Magistrate W. G. Austin, plaintiff appeals.

*Mr. D. H. Magill,* for appellant, cites: *Defendant can not complain if damage claimed was less than suffered:* 75 S. C., 229. *Appellant entitled to penalty:* 73 S. C., 291.

*Messrs. McGee & Richardson,* contra.    No citations.

March 18, 1908.    The opinion of the Court was delivered by

MR. JUSTICE GARY.    This action was commenced before a magistrate, for $15.00 damages to a shipment of household goods and $50.00 penalty for failure to adjust the claim within ninety days after it was filed.

The claim filed was as follows: "In shipping freight over your road a portion of it got very badly damaged; one dresser base broken and badly rubbed, organ stool top broken off, stove legs and top misplaced.    I have been advised to report my case to you rather than to file suit for damages.    My claim is $15.00.    I trust you will give this matter your prompt attention and settle claim at an early date.    My freight was delayed, and also damaged me in other lines, but this will not be taken up, if the claim is settled at once.    I await your reply and am yours truly, E. W. Netherland."

The plaintiff testified as follows: "The goods did arrive here over the C. & W. C. Railway Co. road.    Goods were damaged, to wit: Dresser, cost me $23.50; one of the drawers is split and the dresser damaged $15.00.    A $6.50 cotton mattress was damaged $3.00.    Organ stool, cost $5.00; was damaged $1.50.    Washstand, cost $10.00; is damaged $2.00."

The magistrate rendered judgment in favor of the plaintiff for $15.00 damages and $50.00 penalty.

The defendant appealed, and his Honor, the Circuit Judge, modified the judgment of the magistrate, by refusing to allow the penalty of $50.00.

The plaintiff appealed, and contends that the undisputed testimony shows that the dresser and the organ stool, which

24—79

were mentioned in the claim filed by the plaintiff, were of the value of at least $15.00, and, therefore, that he was also entitled to the penalty of $50.00.

The items embraced in the claim for damages were: One dresser, one organ stool, and stove legs and top, valued, in the aggregate, at $15.00.

The defendant did not controvert the testimony to the effect that the dresser cost $23.00 and was damaged $15.00, and that the organ stool cost $5.00 and was damaged $1.50.

The undisputed testimony therefore shows that, although the damages to the dresser and organ stool exceeded $15.00, nevertheless that only this sum was claimed.

The case, therefore, comes within the principle announced in the case of *Phoenix Co.* v. *Jaudon*, 75 S. C., 229, in which it was held that a defendant can not complain that a part of the property is assessed at the value placed by the plaintiff on the entire property.

It is the judgment of this Court, that the judgment of the Circuit Court be reversed and the case remanded for a new trial.